Sedgwick, J.,
afterwards pronounced the decree of the Court as follows: — †
This is a suit in equity founded on the statute of 1798, c. 77, entitled “ An act in addition to an act entitled an act for giving remedies in equity.”
It was brought against Weld and Townsend, but in the present question, Townsend alone is interested, with the plaintiff.
The plaintiff alleges in his bill the mortgage to Weld, an assignment by him to Toionsend, and such facts as, if true, prove that the possession is wrongfully detained, * and concludes [ * 263 ] in the form rendered necessary by the statute, which requires a bill in equity tobe inserted in a writ of attachment or original summons, that the withholding of the possession is to his damage.
It has been determined that these allegations are true; and therefore the plaintiff has been restored to his possession.
During the investigation, it has been rendered as certain as it was competent to the Court to do it, by the intervention of commissioners, appointed for that among other purposes, that the de fendant Townsend is equitably indebted to the plaintiff, in a con siderable sum of money, for the rents and profits of the mortgaged premises, over and above all that he has laid out upon them. Under these circumstances, a motion is made by the plaintiff, in substance, that the Court award execution for the balance found due from Townsend to Taylor.
It is certainly equitable, that what Townsend may have received beyond what he has fairly expended, should be paid over to Taylor. But the defendant’s counsel say the payment cannot be compelled in this suit, —
1. Because, by the statute, the Court is not authorized to award an execution against the mortgagee, or his vendee, for any such balance as is in this case found due to the mortgagor; but that its power, as to awarding execution, is confined to a restoration of the possession and costs.
2. Because, if the statute does empower the Court to award execution for a balance found due from the mortgagee, or his vendee, *220 yet that it is requisite to the exercise of that power, that the mort gagor should expressly allege in his complaint, that a balance is due, and that he should demand it.
3. Because, by the declaration of rights, the defendant is entitled to a trial by jury, before he can, in such a case as the present, be adjudged to be indebted to the plaintiff.
As to the first question, whether the Court is authorized to award an execution in this case, it must depend on a construction of the statute.
[ * 269 ] * The statute, so far as respects the subject before us,
is intended to protect and secure a mortgagor’s right of redeeming mortgaged premises; and to give an effectual remedy, whenever the mortgagee, or his vendee, shall withhold the possession, contrary to equity and good conscience. It provides that, when there has been an entry for the condition broken, in substance that, at any time within three years after such entry, upon performance, or tendering performance, of all that the mortgagee, or his vendee, have a right in equity to require, it shall be the duty of the mortgagee, or his vendee, to restore the possession, and to execute a deed of release to the mortgagor; and if, upon such performance or tender, the mortgagee or vendee shall refuse or neglect to restore the possession, and release his right, the mortgagor may have his bill in equity. — This is the only provision which gives the remedy, which is sought by this suit; and it is in principle the same which was before provided by the provincial statute. (4)
From this detail it appears that the remedy which is given applies only in a case where, upon performance, or tendering performance, by the mortgagor to the mortgagee, or his vendee, the mortgagee or vendee shall refuse to restore possession, and make a release ; or, in other words, it regards only revesting the possession in the mortgagor, when he is equitably entitled to it; and, of consequence, if, upon performance, or tendering performance, the possession is restored, no suit for the purpose expressed in the statute is necessary, nor is any provided. From hence it is evident, that by this suit, the hill, to which the plaintiff is entitled, is not intended to extend, be yond a demand of the possession, to a demand for a balance, which may be equitably due from the mortgagee, or his vendee, to the mortgagor.
But it is said, that although the first section of the statute might not, if considered by itself, be construed to extend the [ * 270 ] remedy beyond a restoration of the .possession, * yet that, taken in connection with the second section, it will *221 authorize a construction to do complete justice to both parties; and that a liberal construction for that purpose ought to be given. And I think that a provision, by which full and complete justice could be done, is desirable, and would be convenient; because it would, in a case circumstanced like the present, prevent the necessity of two suits instead of one, to render to die plaintiff that justice to which he is entitled. But, whatever our wishes may be, we cannot exercise a power which the legislature has seen fit to withhold. The question is, whether we have power, by this statute, to award an execu tian for the balance found due to the plaintiff.
The first section does not, as has been shown, extend the remedy to this object, but, on the contrary, limits it to the possession. — Is the power of the Court enlarged by the second section ? I think not. The second section enacts “ that the justices of either of said courts are hereby authorized to receive and hear every such cause as shall be brought before them as aforesaid; and on consideration of the several pleas and allegations made by either party, &c., to decree and enter up judgment therein agreeably to equity and good conscience, and to award execution accordingly.” These recited words are all which throw any light on the question before us; and it is insisted by the plaintiff’s counsel, that they authorize the construction contended for. But that, to my mind, is not the just construction.
The Court is authorized to hear every such cause as shall be brought before them as aforesaid. Now, what is the “cause” brought before the Court “ as aforesaid ” ? There is an express reference to the cause defined and described in the preceding section; and that “cause,” it. has been already shown, is confined to the possession. And the Court is “ to decree and enter up judgment therein,” — that is, in the “cause” so limited, — “agreeably to equity and good conscience.”
* From this view of the subject, we are perfectly satis- [ * 271 ] fled that we cannot grant the relief which is asked for by the motion which we have had under consideration. This opinion supersedes the necessity of considering the two other questions that were made by the defendant’s counsel; and the result of it is, that the plaintiff take nothing by his motion.
The following decree was then entered: —
And now, the motion aforesaid of the said Taylor being considered and understood, — because it appears to the Court here, that the same Court is not by law authorized to award an execution, as by the said motion is prayed for, it is further decreed that the said motion be disallowed.

 It will be recollected that the chief justice did not sit in the hearing of this cause

 10 Will. 3, c. 14, Appendix to vol. ii. of Mass. Gen. Laws. 985